Andrew O. Smith, Esq., SBN 217538
Carey J. Ramin, Esq., SBN 300610
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: aosmith@pettitkohn.com
          cramin@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE Y. SALINAS, | CASE NO.: 2:22-cv-07124 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)** |
| WALMART CLAIMS SERVICES, INC., a Arkansas corporation licensed to do business in California; and DOES 1 TO 10, | |
| Defendants. | Courtroom: District Judge: Magistrate Judge: Complaint Filed: March 10, 2022 Trial Date: |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff JOSEPHINE Y. SALINAS ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV08675 to the United States District Court, Central District of California pursuant to 28 U.S.C. §1441, and respectfully alleges as follows:

///

///

///

2354-9556

1

1.     On March 10, 2022, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Josephine Salinas v. Walmart Claims Services, Inc.; et al.*, Case Number 22STCV08675 ("the State Action").  A copy of the complaint filed in the State Action is attached hereto as Exhibit 1.

2.     On March 17, 2022, Plaintiff amended the Complaint to name Walmart Inc. as a defendant. On April 18, 2022, Plaintiff filed a request for dismissal as to Walmart Claims Services, Inc. only.

3.     Plaintiff's complaint purports to assert causes of action for general negligence and premises liability. The complaint seeks to recover general damages, reasonable value of loss of earnings and loss of earning capacity, reasonable value of medical and hospital care and attention required, prejudgment interest, and "[f]or such other and further relief as this Court may deem just and proper."

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

4.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a) (1), because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a) and (b).

5.     Plaintiff is a citizen of the State of California. Plaintiff has lived in California for the last ten years and has no plans to move out of the state of California. A copy of Plaintiff's verified responses to Request for Admission are attached hereto as Exhibit 2, and Plaintiff's verified responses to Special Interrogatories are attached hereto as Exhibit 3.

6.     Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). A copy of Walmart's corporate information filed with the State of California Office of the Secretary of State is attached hereto as Exhibit 4.

///

7.      Defendant believes Plaintiff is claiming the amount in controversy for this matter exceeds $75,000. (See Declaration of Carey J. Ramin, Esq., 7.)

8.      Plaintiff's response to written discovery regarding Plaintiff's California citizenship was served to Walmart on August 31, 2022. Plaintiff's counsel and Walmart's counsel discussed the amount in controversy on September 19, 2022. Removal is timely under 28 U.S.C. section 1446 (b) because this Notice of Removal is filed within 30 days of Walmart being provided information from Plaintiff and her counsel indicating that the case is removable.

9.      Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441 (a).

10.     Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff.  A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

WHEREFORE, Walmart requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: September 30, 2022      By:    s/ _Carey J. Ramin_
                                      Andrew O. Smith, Esq.
                                      Carey J. Ramin, Esq.
                                      Attorneys for Defendant
                                      **WALMART INC.**
                                      aosmith@pettitkohn.com
                                      cramin@pettitkohn.com

2354-9556

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Jill Feeney

Electronically FILED by Superior Court of California, County of Los Angeles on 03/10/2022 02:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**RAMEY LAW P.C.**
John F. Ramey (SBN 149688)
Christa Haggai Ramey (SBN 210238)
Schyler S. Katz (SBN 311576)
200 Culver Blvd. Suite 208
Playa Del Rey, California 90293
(310) 988-2400 / (310) 988-2440 facsimile
john@rameylawpc.com
christa@rameylawpc.com
schyler@rameylawpc.com

Attorneys for Plaintiff,
JOSEPHINE Y. SALINAS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOSEPHINE Y. SALINAS, an individual, | CASE NO.:   22STCV08675 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **NEGLIGENCE** |
| | 2. **PREMISES LIABILITY** |
| WALMART CLAIMS SERVICES, INC., a Arkansas corporation licensed to do business in California; and DOES 1 through 50, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | *Complaint Filed:*<br>*Assigned to*<br>*Clerk of the Court*<br>*Trial Date:* |

*Ramey Law, P.C.*
*200 Culver Blvd. Suite 208*
*Playa Del Rey, CA 90293*

        **COMES NOW** Plaintiff JOSEPHINE Y. SALINAS, an individual ("Plaintiff"), for the

causes of action against Defendant WALMART CLAIMS SERVICES, INC., an Arkansas

corporation licensed to do business in California ("Defendant WALMART"); and DOES 1 through

50, inclusive, and each of them ("Defendants"), who complains and alleges as follows:

**GENERAL ALLEGATIONS**

        1.        Plaintiff is, and at all times mentioned in this Complaint was, a resident of the City

of Wilmington, in the County of Los Angeles, in the State of California.

///

1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1
4

2.      Plaintiff is informed, believes, and thereon alleges that Defendant WALMART is, and at all relevant times was, an Arkansas corporation licensed to do business in the State of California with a retail store located at 19503 Normandie Avenue, Torrance, California, 90501, in the County of Los Angeles, in the State of California ("Subject Store").

3.      Plaintiff is informed, believes, and thereon alleges that DOE 1 is, and at all relevant times was, a resident of Los Angeles County, in the State of California. Plaintiff is further informed, believes, and thereon alleges that DOE 1 is, and at all relevant times was, an employee of Defendant WALMART and a Manager at the Subject Store.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; and prays that their true names and capacities may be incorporated herein by appropriate amendment when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants was negligent and that such negligence proximately caused the injuries and damages alleged herein.

5.      Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, were the agents, employees, co-adventurers, servants, partners, principals, masters, employers, and/or associates of the remaining Defendants, and each or all of them; and at all times relevant herein were acting within the purpose and scope of such agency, service, employment, partnership and/or association.

6.      Plaintiff is informed, believes, and thereon alleges that, at all times herein relevant, Defendants owned; operated or caused to be operated; controlled or caused to be controlled; created or caused to be created; managed or caused to be managed; maintained or caused to be maintained; renovated or caused to be renovated; changed or caused to be changed; modified or caused to be modified; constructed or caused to be constructed; cleaned or caused to be cleaned; serviced or caused to be serviced; repaired or caused to be repaired; inspected or caused to be inspected; supplied or caused to be supplied; installed or caused to be installed; and supervised or

Ramey Law, P.C.
200 Culver Blvd. Suite 208
Playa Del Rey, CA 90293

2

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1
5

1    caused to be supervised the Subject Store.

2        7.      Plaintiff is informed, believes, and thereon alleges that, as a direct and proximate

3    result of the acts and omissions of Defendants, and each of them, Plaintiff has been injured in her

4    health, strength and activity, and it is anticipated that she will require further medical and hospital

5    care and attention, in the future, in an amount not now known to her. Plaintiff also expects to suffer

6    additional damages for loss of earning capacity, expert's costs and other litigation costs. As such,

7    Plaintiff has been, and will be, damaged in an amount that exceeds the jurisdictional limit for an

8    unlimited case and in an amount that will be proven at trial due to the subject incident described

9    herein.

10                            **FIRST CAUSE OF ACTION**

11                                 **NEGLIGENCE**

12           **(Against All Defendants, Does 1 through 50, and each of them)**

13       8.      Plaintiff repeats and re-alleges allegations contained in paragraphs 1 through 7 of

14   this Complaint as though fully set forth herein.

15       9.      Plaintiff is informed, believes, and thereon alleges that, at all times herein relevant,

16   the Defendants invited the general public, including Plaintiff, to enter the premises of the Subject

17   Store and to purchase items from the Defendants.

18       10.     On or about March 18, 2020, Plaintiff was lawfully shopping at the Subject Store.

19       11.     While Plaintiff was shopping at the Subject Store, she did not see there was a liquid

20   substance on the floor and stepped on it, causing Plaintiff to slip and fall. Plaintiff then fell on the

21   ground causing her to severely injure multiple parts of her body including, but not limited to, her

22   left wrist and left knee.

23       12.     Defendants owed a duty of care to the Plaintiff and other business invitees to

24   exercise ordinary and reasonable care in the management, maintenance, and supervision of the

25   Subject Store, so as to prevent harm to, and not endanger, Plaintiff and other persons.

26   ///

27   ///

28                                      3
              **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Ramey Law, P.C.
200 Culver Blvd. Suite 208
Playa Del Rey, CA 90293

Exhibit 1
6

13.    Plaintiff is informed, believes, and thereon alleges that, Defendants, and each of them, breached their duty of care to Plaintiff because they, among other things, negligently and carelessly managed, maintained, inspected, supervised, increased the risk of harm, and/or created a false sense of safety.

14.    As a legal, direct and proximate result of the negligence of Defendants, and each of them, in the management, maintenance, and supervision of the Subject Store in the incident herein above described, Plaintiff was injured in her health, strength and activity and was rendered sick, sore, and lame; her injuries include, but are not limited to: injuries to her left wrist and left knee, all to her general damages in a sum within the jurisdictional limits of this court.

15.    As a further legal, direct and proximate result of the incident herein above described, Plaintiff was required to obtain medical and hospital care and attention. Plaintiff is informed and believes, and thereon alleges, that she will require further medical and hospital care and attention, in the future in an amount not now known to her. When Plaintiff ascertains the total amount of medical and hospital care and attention required and which will be required in the future, she will ask leave of the court to amend this complaint by setting forth such total amount.

16.    As a further legal, direct and proximate result of the incident herein above described, Plaintiff is informed, believes, and thereon alleges that she may be unable to follow any occupation for a future period of time and that her earning capacity may have been diminished in an amount not now known to her. When Plaintiff ascertains the total amount of time in which she may be unable to follow any occupation and the amount in which his future earning capacity may have been diminished by reason of the injuries herein, she will ask leave of court to amend this complaint by setting forth such total period and loss.

### SECOND CAUSE OF ACTION

### PREMISES LIABILITY

**(Against All Defendants, Does 1 through 50, and each of them)**

17.    Plaintiff repeats and re-alleges allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

Ramey Law, P.C.
200 Culver Blvd. Suite 208
Playa Del Rey, CA 90293

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1
7

1    18.    Defendants, and each of them, owed a duty of care to the Plaintiff and other

2    business invitees to exercise ordinary and reasonable care in the management, maintenance, and

3    supervision of the premises of the Subject Store so as to avoid exposing Plaintiff and other business

4    invitees to conditions that create an unreasonable risk of harm.

5    19.    Defendants, and each of them, had a duty to use reasonable care to keep the Subject

6    Store in a reasonably safe condition for use by Plaintiff and other similarly situated. Defendants,

7    and each of them, had a duty to use reasonable care to discover any unsafe conditions on the

8    premises of the Subject Store and to repair, replace, or give adequate warning of anything that

9    could reasonable be expected to harm others.

10    20.    Plaintiff is informed, believes, and thereon alleges that the management staff of

11    Defendant WALMART at the Subject Store, including their employees, staff and other store

12    personnel, failed to exercise due care in the management, maintenance, and supervision of the

13    Subject Store to ensure that Plaintiff was not subject to any unreasonable risk of harm in that

14    Defendants negligently created an unsafe and dangerous condition. Defendants knew, or in the

15    exercise of reasonable care should have known, that such a condition created an unreasonable risk

16    of harm to customers in the store. Defendants failed to take reasonable steps to remove or give

17    adequate warning of the dangerous and unsafe conditions of the premises of the Subject Store

18    which Defendants, and each of them, created or otherwise failed to repair despite reasonable time

19    and opportunity to take corrective action.

20    21.    Plaintiff is further informed, believes, and thereon alleges that that the above-

21    described conditions created an unreasonable risk of harm which Defendants, and each of them,

22    knew about, either because the Defendants created the condition or because Defendants, in the

23    exercise of reasonable care, should have discovered through reasonable, periodic inspections of

24    the property.

25    22.    Defendants' breach of their duty of care was a legal cause of, and a substantial

26    factor in, Plaintiff's harm and damages as alleged herein.

27    ///

Ramey Law, P.C.
200 Culver Blvd. Suite 208
Playa Del Rey, CA 90293

28
                                                    5
                        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Exhibit 1
8

Ramey Law, P.C.
200 Culver Blvd. Suite 208
Playa Del Rey, CA 90293

23.     As a proximate result of the conduct of the Defendants, and each of them, Plaintiff sustained losses in an amount to be determined at trial, including but not limited to, physical injuries to her body requiring medical treatment and care, physical pain and mental suffering, loss of earnings and the capacity to maintain gainful employment, among other general and special damages in an amount to be determined according to proof.

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiff JOSEPHINE Y. SALINAS, an individual, prays for judgment against all Defendants, and each of them, as follows:

1.     For general damages, according to proof;

2.     For the reasonable value of loss of earnings and loss of earning capacity;

3.     For the reasonable value of medical and hospital care and attention required, and which will be required in the future.

4.     For prejudgment interest, according to proof;

5.     For such other and further relief as this Court may deem just and proper.

DATED: March 10, 2022                    **RAMEY LAW, P.C.**

By: _____
John F. Ramey
Christa Haggai Ramey
Schyler S. Katz
Attorneys for Plaintiff,
JOSEPHINE Y. SALINAS

///
///
///

6

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1
9

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff JOSEPHINE Y. SALINAS, an individual, hereby demands a trial by jury as to the causes of action.

DATED: March 10, 2022                    RAMEY LAW, P.C.

By:    _____
       John F. Ramey
       Christa Haggai Ramey
       Schyler S. Katz
       Attorneys for Plaintiff,
       JOSEPHINE Y. SALINAS

7

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Exhibit 1
10

**RAMEY LAW P.C.**
John F. Ramey (SBN 149688)
Christa Haggai Ramey (SBN 210238)
Schyler S. Katz (SBN 311576)
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293
(310) 988-2400 / (310) 988-2440 facsimile
john@rameylawpc.com
christa@rameylawpc.com
schyler@rameylawpc.com

Attorneys for PLAINTIFF
JOSEPHINE Y. SALINAS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOSEPHINE Y. SALINAS, an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>WALMART CLAIMS SERVICES, INC., an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22STCV08675<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT WALMART INC.'S REQUEST FOR ADMISSIONS, SET ONE**<br><br>*Complaint Filed: March 10, 2022*<br>*Assigned to Hon. Jill Feeney*<br>*Department 30*<br>*Trial Date: September 7, 2023* |

**PROPOUNDING PARTY:  DEFENDANT, WALMART, INC.**

**RESPONDING PARTY:    PLAINTIFF, JOSEPHINE Y. SALINAS**

**SET NO.:                        ONE**

        Pursuant to California *Code of Civil Procedure* Section 2033.210, et seq., Plaintiff **JOSEPHINE Y. SALINAS** ("Plaintiff" or "Responding Party") hereby provides the following responses to Defendant WALMART INC.  ("Defendant" or "Propounding Party"), Requests for Admission, Set One.

///

1

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
11

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

## PRELIMINARY STATEMENT

Responding Party, JOSEPHINE Y. SALINAS has not yet fully completed her investigation of the facts related to this case, completed her discovery in this action nor finished her preparation for trial. The responses set forth herein are specifically based upon such information and documents as are presently available to and specifically known by Responding Party. It is believed that further discovery, investigation and analysis will supply additional facts and information, add new meaning to facts presently known and supply new evidence leading to new conclusions and legal contentions.  All of the additional information may result in substantial additions, changes and modifications to the responses set forth herein.  The responses contained herein are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts or information which may later become known to Responding Party.

Responding Party reserves the right to change any and all responses herein as additional facts and further information is obtained, new analyses are made, and legal research is completed. The information contained herein is given in a good faith effort to supply as much factual material as is presently known by Responding Party but should in no way prejudice Responding Party's rights to make new contentions or provide additional investigation, research and/or legal analysis.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have lived in California for more than ten years. (As used herein, "YOU" or "YOUR" means Plaintiff JOSEPHINE Y. SALINAS.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Objection. The request calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Admit.

///

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
12

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1  **REQUEST FOR ADMISSION NO. 2:**

2      Admit that YOU have no plans on moving out of the state of California.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

4      Objection. The request calls for information not relevant to the subject matter of this action

5  nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841

6  (1974). Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

7      Admit.

8  **REQUEST FOR ADMISSION NO. 3:**

9      Admit that YOU are domiciled in California.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

11     Admit.

12 **REQUEST FOR ADMISSION NO. 4:**

13     Admit that in the last five years, YOU have paid California taxes.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

15     Objection. The request calls for information not relevant to the subject matter of this action

16 nor to the discovery of admissible evidence as Plaintiff is not making a loss of earnings claim.

17 *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Further, request violates Plaintiff's

18 constitutional right to privacy. Subject to and without waiving the foregoing objection, Plaintiff

19 responds as follows:

20     Responding Party admits that she has filed taxes in the last five years.

21 **REQUEST FOR ADMISSION NO. 5:**

22     Admit that DEFENDANT was not negligent in this matter. (As used herein,

23 "DEFENDANT" refers to Defendant WALMART, INC. and its agents, employees, insurance

24 companies, and their agents, their employees, their attorneys, their accountants, their investigators,

25 and anyone else acting on their behalf.)

26 ///

27 ///

28

3

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
13

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

2

Objection: The request calls for a professional opinion from a lay witness; consequently

3

the question is oppressive and harassing and without a foundational showing of competence.

4

*Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the foregoing

5

objection, Plaintiff responds as follows:

6

Deny.

7

**REQUEST FOR ADMISSION NO. 6:**

8

Admit that DEFENDANT owed no duty to YOU on the date of the INCIDENT. (As used

9

herein, "INCIDENT" includes the circumstances and events surrounding the alleged occurrences

10

giving rise to this action as alleged in YOUR COMPLAINT. "COMPLAINT" means the operative

11

Complaint filed by YOU in this action, JOSEPHINE Y. SALINAS v. WALMART CLAIMS

12

SERVICES, INC., et al., Superior Court of the State of California for the County of Los Angeles,

13

Case Number 22STCV08675.)

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

15

Objection: The request calls for a professional opinion from a lay witness; consequently

16

the question is oppressive and harassing and without a foundational showing of competence.

17

*Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the foregoing

18

objection, Plaintiff responds as follows:

19

Deny.

20

**REQUEST FOR ADMISSION NO. 7:**

21

Admit that DEFENDANT breached no duty to YOU on the date of the INCIDENT.

22

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23

Objection: The request calls for a professional opinion from a lay witness; consequently

24

the question is oppressive and harassing and without a foundational showing of competence.

25

*Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the foregoing

26

objection, Plaintiff responds as follows:

27

Deny.

28

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
14

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU do not know the source of the substance that YOU claim caused YOU to slip on the date of the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU currently have no evidence that DEFENDANT was aware of the alleged hazard before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Objection. Oppressive, harassing, and burdensome; the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny the matter with the degree of specificity that is requested.

Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU currently have no evidence that an employee of DEFENDANT saw the alleged hazard before the INCIDENT occurred.

///

///

///

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

5

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
15

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Objection. Oppressive, harassing, and burdensome; the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny the matter with the degree of specificity that is requested.

Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU currently have no evidence that a customer informed DEFENDANT of the alleged hazard before the INCIDENT occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Objection. Oppressive, harassing, and burdensome; the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969). Further, pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable inquiry concerning the matter being requested, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny the matter with the degree of specificity that is requested.

///

6

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1   **REQUEST FOR ADMISSION NO. 12:**

2       Admit that YOU observed the substance that YOU claim caused YOU to slip and fall prior

3   to the INCIDENT.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

5       Deny.

6   **REQUEST FOR ADMISSION NO. 13:**

7       Admit that YOU should have seen the substance that YOU claim caused YOU to slip and

8   fall prior to the INCIDENT.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

10       Deny.

11   **REQUEST FOR ADMISSION NO. 14:**

12       Admit that YOU do not know how long the dangerous condition YOU allege existed at

13   DEFENDANT's premises was present prior to the INCIDENT.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

15       Objection. Oppressive, harassing, and burdensome; the information sought seeks

16   Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders,

17   etc., which are equally available to defendant; the question also invades the attorney's work

18   product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71

19   Cal. 2d 236 (1969).

20       Subject to and without waiving the foregoing objections, Responding Party responds as

21   follows: Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

22   inquiry concerning the matter being requested, the information known or readily obtainable is

23   insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

24   that is requested. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend

25   this response upon proper written request.

26   ///

27   ///

28
                         7

Exhibit 2
17

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1   **REQUEST FOR ADMISSION NO. 15:**

2       Admit that DEFENDANT did not have actual notice of the dangerous condition YOU

3   allege caused the INCIDENT.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

5       Objection. Oppressive, harassing, and burdensome; the information sought seeks

6   Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders,

7   etc., which are equally available to defendant; the question also invades the attorney's work

8   product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71

9   Cal. 2d 236 (1969).

10      Subject to and without waiving the foregoing objections, Responding Party responds as

11  follows: Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

12  inquiry concerning the matter being requested, the information known or readily obtainable is

13  insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

14  that is requested. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend

15  this response upon proper written request.

16  **REQUEST FOR ADMISSION NO. 16:**

17      Admit that DEFENDANT did not have constructive notice of the dangerous condition

18  YOU allege caused the INCIDENT.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

20      Objection. Oppressive, harassing, and burdensome; the information sought seeks

21  Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders,

22  etc., which are equally available to defendant; the question also invades the attorney's work

23  product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71

24  Cal. 2d 236 (1969).

25      Subject to and without waiving the foregoing objections, Responding Party responds as

26  follows: Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

27  inquiry concerning the matter being requested, the information known or readily obtainable is

28

8

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
18

1  insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

2  that is requested. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend

3  this response upon proper written request.

4  **REQUEST FOR ADMISSION NO. 17:**

5        Admit that YOU have no evidence DEFENDANT failed to guard or warn against a

6  dangerous condition related to the INCIDENT.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

8        Objection. Oppressive, harassing, and burdensome; the information sought seeks

9  Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders,

10  etc., which are equally available to defendant; the question also invades the attorney's work

11  product privilege.  *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71

12  Cal. 2d 236 (1969). Subject to and without waiving the foregoing objections, Responding Party

13  responds as follows:

14        Deny.

15  **REQUEST FOR ADMISSION NO. 18:**

16        Admit that there were caution signs, carts or other warning objects in the area where the

17  alleged INCIDENT occurred prior to the INCIDENT.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

19        Deny.

20  **REQUEST FOR ADMISSION NO. 19:**

21        Admit that DEFENDANT is not liable for YOUR injuries that occurred on the date of the

22  INCIDENT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

24        Objection: The interrogatory calls for a professional opinion from a lay witness;

25  consequently, the question is oppressive and harassing and without a foundational showing of

26  competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the

27  foregoing objection, Plaintiff responds as follows:

28

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

9

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
19

1   Deny.

2   **REQUEST FOR ADMISSION NO. 20:**

3   Admit that YOU do not possess any photographs, videos, films or depictions that depict or

4   describe the injuries YOU contend, were caused by the INCIDENT.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

6   Deny.

7   **REQUEST FOR ADMISSION NO. 21:**

8   Admit that YOUR injuries were caused, in part, by YOU.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

10   Deny.

11   **REQUEST FOR ADMISSION NO. 22:**

12   Admit that YOU failed to exercise reasonable care in relation to the INCIDENT.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14   Deny.

15   **REQUEST FOR ADMISSION NO. 23:**

16   Admit that the injuries YOU alleged were caused by the INCIDENT were not the result of

17   a dangerous condition in the Walmart store.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

19   Objection: The interrogatory calls for a professional opinion from a lay witness;

20   consequently, the question is oppressive and harassing and without a foundational showing of

21   competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the

22   foregoing objection, Plaintiff responds as follows:

23   Deny.

24   **REQUEST FOR ADMISSION NO. 24:**

25   Admit that YOU did not receive any medical care or treatment within the period of time

26   six (6) months prior to the INCIDENT.

27   ///

28

10

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

Exhibit 2
20

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2         Objection. The request invades Responding Party's right of privacy, is impermissible

3    overly broad therefore oppressive, burdensome, and irrelevant to the subject matter of this action

4    in that it seeks disclosure of Responding Party's medical history which, except as answered, does

5    not relate to the injuries which are the subject matter of this action. *Britt v. Superior Court*, 20 Cal.

6    3d 844 (1978). Subject to and without waiving the foregoing objection, Plaintiff responds as

7    follows:

8         Responding Party admits she did not receive any medical care or treatment for the same

9    body parts injured in the subject incident within the six months prior to the Incident.

10   **REQUEST FOR ADMISSION NO. 25:**

11        Admit that YOU did not receive any medical care or treatment in the last ten (10) years

12   that related to the same parts of YOUR body that were allegedly injured in the INCIDENT.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

14        Admit.

15   **REQUEST FOR ADMISSION NO. 26:**

16        Admit that YOU do not need any further medical care as a result of the alleged INCIDENT.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

18        Objection: The request calls for a professional opinion from a lay witness; consequently

19   the question is oppressive and harassing and without a foundational showing of competence.

20   *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).

21        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

22        Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

23   inquiry concerning the matter being requested, the information known or readily obtainable is

24   insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

25   that is requested.

26        Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this

27   response upon proper written request.

28

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

11

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
21

1

**REQUEST FOR ADMISSION NO. 27:**

2

Admit that YOU will incur no future damages as a result of the INCIDENT.

3

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

4

Objection: The request calls for a professional opinion from a lay witness; consequently

5

the question is oppressive and harassing and without a foundational showing of competence.

6

*Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the foregoing

7

objections, Plaintiff responds as follows:

8

Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

9

inquiry concerning the matter being requested, the information known or readily obtainable is

10

insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

11

that is requested. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend

12

this response upon proper written request.

13

**REQUEST FOR ADMISSION NO. 28:**

14

Admit that YOU have no need of future treatment as a result of the INCIDENT.

15

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

16

Objection: The request calls for a professional opinion from a lay witness; consequently

17

the question is oppressive and harassing and without a foundational showing of competence.

18

*Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the foregoing

19

objections, Plaintiff responds as follows:

20

Pursuant to California *Code of Civil Procedure* Section 2033.220(c), after a reasonable

21

inquiry concerning the matter being requested, the information known or readily obtainable is

22

insufficient to enable Responding Party to admit or deny the matter with the degree of specificity

23

that is requested.

24

Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this

25

response upon proper written request.

26

**REQUEST FOR ADMISSION NO. 29:**

27

Admit that YOU did not incur past wage loss as a result of the INCIDENT.

28

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

12

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
22

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

2        Admit.

3    **REQUEST FOR ADMISSION NO. 30:**

4        Admit that YOU will not incur future wage loss as a result of the INCIDENT.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

6        Objection: The request calls for a professional opinion from a lay witness; consequently

7    the question is oppressive and harassing and without a foundational showing of competence.

8    *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further objection: Objection. The request calls

9    for information not relevant to the subject matter of this action nor to the discovery of admissible

10   evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Subject to and without waiving

11   the foregoing objections, Plaintiff responds as follows:

12       Admit.

13   **REQUEST FOR ADMISSION NO. 31:**

14       Admit YOU have no loss of earning capacity as a result of the INCIDENT.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

16       Objection: The request calls for a professional opinion from a lay witness; consequently

17   the question is oppressive and harassing and without a foundational showing of competence.

18   *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further objection: Objection. The request calls

19   for information not relevant to the subject matter of this action nor to the discovery of admissible

20   evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Subject to and without waiving

21   the foregoing objections, Plaintiff responds as follows:

22       Responding Party Admits she is not making a loss of earning capacity claim at this time.

23   **REQUEST FOR ADMISSION NO. 32:**

24       Admit that YOU have not missed any time at YOUR work as a result of the INCIDENT.

25   ///

26   ///

27   ///

28

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
23

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Objection. The request calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU did not seek work accommodations as a result of the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Objection. The request calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

 **REQUEST FOR ADMISSION NO. 34:**

Admit YOU are not making a claim of mental distress over and above that usually associated with the physical injuries claimed in this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Objection: The request calls for a professional opinion from a lay witness; consequently the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further objection: Objection. The request calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d  841 (1974). Further, this interrogatory is oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as to the meaning of the question and, specifically, the phrase "mental distress over and above that usually associated with the physical injuries claimed in this litigation."  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
24

**REQUEST FOR ADMISSION NO. 35:**

Admit YOU are not making a claim of emotional distress over and above that usually associated with the physical injuries claimed in this litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Objection: The request calls for a professional opinion from a lay witness; consequently the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further objection: Objection. The request calls for information not relevant to the subject matter of this action nor to the discovery of admissible evidence. *Deaile v. Gen'l Telephone*, 40 Cal. App. 3d 841 (1974). Further, this interrogatory is oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as to the meaning of the question and, specifically, the phrase "emotional distress over and above that usually associated with the physical injuries claimed in this litigation." Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Admit.

DATED: August 31, 2022                          **RAMEY LAW, P.C.**

                                        By: _____
                                            John F. Ramey
                                            Christa Haggai Ramey
                                            Schyler S. Katz
                                            Attorneys for Plaintiff,
                                            JOSEPHINE Y. SALINAS

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

15

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE**

Exhibit 2
25

**<u>VERIFICATION</u>**

**STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___Aug 22, 2022___ at Wilmington, California.

Josephine Y. Salinas
Signatory

Josephine Y Salinas (Aug 22, 2022 13:40 PDT)
Signature

Exhibit 2
26

## PROOF OF SERVICE

I, Giannie Ramirez certified and declares as follows:

I am over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is RAMEY LAW, P.C., 200 Culver Blvd., Ste. 208, Playa Del Rey, California 90293.

On August 31, 2022, I served the above document described as: **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION, SET ONE** on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

*Please see service list*

**BY E- MAIL ONLY**– I caused this document to be transmitted on the date hereinabove stated by e-mailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic.  Unless a no electronic message or other indication that the transmission was unsuccessful is received within a reasonable time after the transmission. We will provide a physical copy, upon request only.

I declare that I am employed in the office of an attorney admitted to the Bar, and that service was made at that attorney's direction.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 31, 2022 at Playa Del Rey, California.

*Giannie Ramirez*
_____
Giannie Ramirez

**SERVICE LIST**

Los Angeles County Superior Court
Case No: 22STCV08675
*Josephine Y. Salinas v. Walmart Claims Services, Inc., et al*
(File No. 6334*)*

| | **Party's Attorney/Counsel Info.** | **Tel/Fax** | **Party Name/ Role** |
|---|---|---|---|
| **1.** | Andrew O. Smith, Esq.<br>Carey J. Ramin, Esq.<br>PETTIT KOHN INGRASSIA<br>LUTZ & DOLIN, PC<br>11622 El Camino Real, Suite 300 | Phone: (858) 755-8500<br>Facsimile: (858) 755-8504<br>Email:<br>asmith@pettitkohn.com<br>cramin@pettitkohn.com<br>lremsnyder@pettitkohn.com | Attorneys for Defendant,<br>WALMART, INC. |
| | | | |

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1
2
3
4
5
6
7

**RAMEY LAW P.C.**
John F. Ramey (SBN 149688)
Christa Haggai Ramey (SBN 210238)
Schyler S. Katz (SBN 311576)
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293
(310) 988-2400 / (310) 988-2440 facsimile
john@rameylawpc.com
christa@rameylawpc.com
schyler@rameylawpc.com

Attorneys for PLAINTIFF
JOSEPHINE Y. SALINAS

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10
11
12
13
14
15
16
17

JOSEPHINE Y. SALINAS, an individual,

PLAINTIFF,

vs.

WALMART CLAIMS SERVICES, INC.,
an individual; and DOES 1 through 50,
inclusive,

Defendants.

Case No.: 22STCV08675

**PLAINTIFF'S RESPONSES TO
DEFENDANT WALMART INC.'S SPECIAL
INTERROGATORIES, SET ONE**

*Complaint Filed: March 10, 2022
Assigned to Hon. Jill Feeney
Department 30
Trial Date: September 7, 2023*

18
19
20
21

**PROPOUNDING PARTY:  DEFENDANT, WALMART, INC.**

**RESPONDING PARTY:    PLAINTIFF, JOSEPHINE Y. SALINAS**

**SET NO.:                        ONE**

22
23
24
25
26
27

        Pursuant to California *Code of Civil Procedure* Section 2030.210, et seq., Plaintiff
**JOSEPHINE Y. SALINAS** ("Plaintiff" or "Responding Party") hereby provides the following
responses to Defendant WALMART, INC.  ("Defendant" or "Propounding Party"), Special
Interrogatories, Set One.

///

28

*Sidebar (rotated):* Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
29

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**PRELIMINARY STATEMENT**

Responding Party, JOSEPHINE Y. SALINAS has not yet fully completed her investigation of the facts related to this case, completed her discovery in this action nor finished her preparation for trial. The responses set forth herein are specifically based upon such information and documents as are presently available to and specifically known by Responding Party. It is believed that further discovery, investigation and analysis will supply additional facts and information, add new meaning to facts presently known and supply new evidence leading to new conclusions and legal contentions.  All of the additional information may result in substantial additions, changes and modifications to the responses set forth herein.  The responses contained herein are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts or information which may later become known to Responding Party.

Responding Party reserves the right to change any and all responses herein as additional facts and further information is obtained, new analyses are made, and legal research is completed. The information contained herein is given in a good faith effort to supply as much factual material as is presently known by Responding Party but should in no way prejudice Responding Party's rights to make new contentions or provide additional investigation, research and/or legal analysis.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 1:**

Are YOU a citizen of California? (As used herein, "YOU" or "YOUR" means Plaintiff JOSEPHINE Y. SALINAS.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence; Further objection: The request is an invasion of Responding Party's privacy. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

///

///

2

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
30

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1    Plaintiff is a United States citizen domiciled in California. Discovery and investigation are

2    ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

3    **SPECIAL INTERROGATORY NO. 2:**

4    Do YOU intend to move out of California in the next five years?

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

6    Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to

7    the discovery of admissible evidence; Further objection: The request is an invasion of Responding

8    Party's privacy. Subject to and without waiving the foregoing objections, Plaintiff responds as

9    follows:

10    Not at the moment. Discovery and investigation are ongoing, and Plaintiff reserves the

11    right to amend this response upon proper written request.

12    **SPECIAL INTERROGATORY NO. 3:**

13    Do YOU intend to live in California indefinitely?

14    **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

15    Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to

16    the discovery of admissible evidence; Further objection: The request is an invasion of Responding

17    Party's privacy. Subject to and without waiving the foregoing objections, Plaintiff responds as

18    follows:

19    Currently, the Responding Party plans to continue living in California. Discovery and

20    investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper

21    written request.

22    **SPECIAL INTERROGATORY NO. 4:**

23    Do YOU contend that your alleged damages resulting from the INCIDENT amount to more

24    than $75,000? (As used herein, "INCIDENT" includes the circumstances and events surrounding

25    the alleged occurrences giving rise to this action as alleged in YOUR COMPLAINT.

26    "COMPLAINT" means the operative Complaint filed by YOU in this action, JOSEPHINE Y.

27    SALINAS v. WALMART CLAIMS SERVICES, INC., et al., Superior Court of the State of

28

3

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
31

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1   California for the County of Los Angeles, Case Number 22STCV08675.)

2   **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

3       Objection: The interrogatory calls for a professional opinion from a lay witness;

4   consequently the question is oppressive and harassing and without a foundational showing of

5   competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Discovery and investigation are

6   ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

7   **SPECIAL INTERROGATORY NO. 5:**

8       Please state each and every way YOU contend that DEFENDANT was negligent. (As used

9   herein, "DEFENDANT" refers to Defendant WALMART INC. and its agents, employees,

10   insurance companies, and their agents, their employees, their attorneys, their accountants, their

11   investigators, and anyone else acting on their behalf.)

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

13       Objection: The interrogatory calls for a professional opinion from a lay witness;

14   consequently the question is oppressive and harassing and without a foundational showing of

15   competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Subject to and without waiving the

16   foregoing objection, Plaintiff responds as follows:

17       It is Plaintiff's contention that Defendants owed a duty of care to Plaintiff and other

18   business invitees to exercise ordinary and reasonable care in the management, maintenance, and

19   supervision of the Subject Location, so as to prevent harm to, and not endanger, Plaintiff and other

20   persons as well as to avoid exposing Plaintiff and other business invitees to conditions that create

21   an unreasonable risk of harm.

22       Defendants breached their duty of care to Plaintiff because they, among other things,

23   negligently and carelessly, managed, maintained, supervised, increased the risk of harm, and/or

24   created a false sense of safety, at the Subject Location. The liquid substance on the floor was not

25   properly managed, maintained, and supervised by Defendant Walmart and thereby directly caused

26   the injuries and damages to Plaintiff.

27   ///

28

4

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
32

1    The management staff of Defendant WALMART at the Subject Location, including their

2    employees, staff and other store personnel, failed to exercise due care in the management,

3    maintenance, and supervision of the Subject Location to ensure that Plaintiff was not subject to

4    any unreasonable risk of harm in that Defendants negligently created a dangerous condition.

5    Defendants knew or should have known of the presence of a dangerous condition in the

6    Subject Location through regular inspections and proper maintenance, and failed to correct the

7    dangerous condition by properly maintaining the Subject Location and by implementing

8    appropriate maintenance and regular inspection procedures, which would have prevented the

9    dangerous condition from forming and creating an unreasonable risk of injury to Plaintiff.

10   Defendants breached their duty of care owed to Plaintiff by, among other things: (a) failing

11   to warn Plaintiff of the danger presented by the presence of the slippery substance on the floor; (b)

12   failing to inspect the premises at sufficiently reasonable times and intervals so as to discover the

13   presence of liquid substances on the floor; (c) failing to maintain the above-described floor so as

14   to keep it reasonably free from liquid substances; (d) failing to implement appropriate hiring,

15   training, and retention programs for its workers to ensure that customers are not exposed to the

16   presence of a slippery substance on the floor of the Subject Location; and (e) failing to otherwise

17   maintain the floor of the Subject Location in a reasonably safe condition.

18   Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this

19   response upon proper written request.

20   **SPECIAL INTERROGATORY NO. 6:**

21   Please IDENTIFY all persons who support YOUR contention that DEFENDANT was

22   negligent. (As used herein, "IDENTIFY" means by name, address and phone number.)

23   **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

24   Objection. Attorney's work product privilege.  Responding Party has not yet decided on

25   which, if any, expert witnesses may be called at trial.  Any experts utilized by Responding Party

26   to date are for purposes of consultation and case preparation. *Sheets v. Superior Court*, 257 Cal.2d

27   1 (1967); *Sanders v. Superior Court*, 34 Cal.3d 270 (1973). Discovery and investigation are

28

Ramey Law, P.C.
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

5

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
33

1    ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

2    **SPECIAL INTERROGATORY NO. 7:**

3        Please IDENTIFY all persons who accompanied YOU to DEFENDANT's premises on the

4    date of the INCIDENT.

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

6        Responding Party's daughter Michelle Olivas, who may be contacted through Plaintiff's

7    counsel. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this

8    response upon proper written request.

9    **SPECIAL INTERROGATORY NO. 8:**

10       Please IDENTIFY every employee or agent of DEFENDANT that YOU spoke to about

11   the INCIDENT.

12   **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

13       Responding Party recalls speaking with a female employee at the scene of the Incident.

14   Responding Party believes the employee's name may be Allison Bigbee and the contact

15   information may be 1-800-527-0566, Ext. 5834. Discovery and investigation are ongoing, and

16   Plaintiff reserves the right to amend this response upon proper written request.

17   **SPECIAL INTERROGATORY NO. 9:**

18       Describe the content of the conversations YOU had with DEFENDANT's employees that

19   YOU spoke to about the INCIDENT on the day of the INCIDENT.

20   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

21       Responding Party recalls telling the female employee that she was experiencing pain in her

22   back, neck and wrist and requested her to get a male employee to pick her up from the floor.

23   Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response

24   upon proper written request.

25   **SPECIAL INTERROGATORY NO. 10:**

26       Please describe exactly how the INCIDENT occurred.

27   ///

28

*Ramey Law, P.C.*
*200 Culver Blvd., Ste. 208*
*Playa Del Rey, California 90293*

6

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
34

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

2      On or about March 18, 2020, Plaintiff was shopping with her daughter at Walmart. She

3  was at or near the Easter section looking for the easter peeps candy chicks on a stick lollipop. She

4  was looking at the bottom shelf when she stepped on a liquid substance that was on the floor,

5  which caused her to slip and fall into the floor. Discovery and investigation are ongoing, and

6  Plaintiff reserves the right to amend this response upon proper written request.

7  **SPECIAL INTERROGATORY NO. 11:**

8      Please describe with specificity all items YOU were carrying or pushing at the time of the

9  INCIDENT.

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

11      Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to

12  the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

13  Plaintiff responds as follows:

14      Responding Party was carrying a small wallet/ phone case in left hand. Discovery and

15  investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper

16  written request.

17  **SPECIAL INTERROGATORY NO. 12:**

18      Please state the number of DEFENDANT's employees who were within YOUR immediate

19  vicinity at the time of the INCIDENT.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

21      None. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend

22  this response upon proper written request.

23  **SPECIAL INTERROGATORY NO. 13:**

24      Please describe with specificity the shoes YOU were wearing at the time of the INCIDENT.

25  ///

26  ///

27  ///

28

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
35

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Responding Party was wearing black and pink sneakers, size 10. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 14:**

Please describe with specificity the clothing YOU were wearing at the time of the INCIDENT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Responding Party was wearing a black shirt, a black sweater and grey long pants. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 15:**

Please describe with specificity any problems YOU had with YOUR vision at the time of the INCIDENT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Responding Party did not have any vision problems at the time of the Incident. She wears glasses only for reading but are not needed to walk. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

8

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
36

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**SPECIAL INTERROGATORY NO. 16:**

Please describe any devices YOU wear at any time to improve YOUR vision.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Objection.  Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

None. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 17:**

Describe with specificity the location where the INCIDENT occurred.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

The Incident occurred at the Easter section of Defendant's premises. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 18:**

Describe with specificity any warning signs or objects near the area where the INCIDENT occurred.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

None. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 19:**

Describe with specificity the size, nature, and color of the substance or object on which YOU allege YOU slipped, causing YOUR injuries.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
37

1  sought seeks Responding Party's counsel's legal analysis and theories regarding laws,

2  ordinances, safety orders, etc., which are equally available to defendant; the question also

3  invades the attorney's work product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968);

4  *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

5       Subject to and without waiving the foregoing objections, Responding Party responds as

6  follows: Responding Party believes the transparent substance was about the size of a man fist. The

7  nature of the substance is unknown at this time . Discovery and investigation are ongoing, and

8  Plaintiff reserves the right to amend this response upon proper written request.

9  **SPECIAL INTERROGATORY NO. 20:**

10       How long had the substance or object on which YOU slipped been on the floor before the

11  INCIDENT?

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

13       Objection: The interrogatory calls for a professional opinion from a lay witness;

14  consequently, the question is oppressive and harassing and without a foundational showing of

15  competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information

16  sought seeks Responding Party's counsel's legal analysis and theories regarding laws,

17  ordinances, safety orders, etc., which are equally available to defendant; the question also

18  invades the attorney's work product privilege. *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968);

19  *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

20       Subject to and without waiving the foregoing objections, Responding Party responds as

21  follows: Unknown at this time. Discovery and investigation are ongoing, and Plaintiff reserves the

22  right to amend this response upon proper written request.

23  **SPECIAL INTERROGATORY NO. 21:**

24       Describe with specificity the alleged "dangerous condition" that caused the INCIDENT.

25  ///

26  ///

27  ///

28

*Ramey Law, P.C.*
*200 Culver Blvd., Ste. 208*
*Playa Del Rey, California 90293*

10

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
38

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege.  *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: There was a liquid substance on the floor at or near the easter section of Defendant's premises which Plaintiff did not see and stepped on it, which caused Plaintiff to slip and fall. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 22:**

If YOU contend DEFENDANT possessed actual knowledge of the alleged dangerous condition, please state with specificity each and every fact that supports YOUR contention.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege.  *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

///

///

///

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

11

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
39

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1      Subject to and without waiving the foregoing objections, Responding Party responds as

2   follows: Plaintiff contends that Defendant knew of should have known of this dangerous condition

3   and knew or should have known it created a substantial risk of serious bodily harm to business

4   invitees to the store and did nothing to prevent the dangerous condition or warn store customers

5   of its existence, further creating a dangerous risk of harm to Plaintiff. Discovery and investigation

6   are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

7   **SPECIAL INTERROGATORY NO. 23:**

8      If YOU contend DEFENDANT possessed constructive knowledge of the alleged

9   dangerous condition, please state with specificity each and every fact that supports YOUR

10   contention.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

12      Objection: The interrogatory calls for a professional opinion from a lay witness;

13   consequently, the question is oppressive and harassing and without a foundational showing of

14   competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information

15   sought seeks Responding Party's counsel's legal analysis and theories regarding laws,

16   ordinances, safety orders, etc., which are equally available to defendant; the question also

17   invades the attorney's work product privilege.  *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968);

18   *Burke v. Superior Court*, 71 Cal. 2d 236 (1969).

19      Subject to and without waiving the foregoing objections, Responding Party responds as

20   follows: Plaintiff contends that Defendant knew or should have known of this dangerous condition

21   and knew or should have known it created a substantial risk of serious bodily harm to business

22   invitees to the store and did nothing to prevent the dangerous condition or warn store customers

23   of its existence, further creating a dangerous risk of harm to Plaintiff. Discovery and investigation

24   are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

25   **SPECIAL INTERROGATORY NO. 24:**

26      IDENTIFY each and every fact that YOU contend supports YOUR allegation of

27   DEFENDANT's negligent hiring or supervision or retention.

28

12

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
40

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962).  Additionally, the information sought seeks Responding Party's counsel's legal analysis and theories regarding laws, ordinances, safety orders, etc., which are equally available to defendant; the question also invades the attorney's work product privilege.  *Alpine v. Superior Court*, 259 Cal. 2d 45 (1968); *Burke v. Superior Court*, 71 Cal. 2d 236 (1969). Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Defendant failed to implement appropriate hiring, training, and retention programs for its workers to ensure that customers are not exposed to the presence of a slippery substance on the floor of the Subject Location. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 25:**

Please state with specificity when YOU first reported the INCIDENT to DEFENDANT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Responding Party reported the incident to the female employee right after the incident on 3/18/2020. The female employee took notes while Plaintiff was still on the floor. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 26:**

Please state with specificity the amount of general damages YOU contend YOU suffered as a result the INCIDENT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further objection: The

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
41

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

interrogatory seeks to ascertain information and other data which a consultant expert witness has provided Responding Party in the preparation of his case and, as such, is violative of the attorney work product privilege. *Scotsman v. Superior Court*, 242 Cal.App. 2d 527 (1966). Subject to and without waiving the forgoing objections, Responding Party responds as follows:

Total amount of general damages is unknown at this time. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 27:**

Please state with specificity the amount of medical, hospital and related expenses YOU contend YOU suffered as a result the INCIDENT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Objection. The interrogatory is oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as not all bills have been received. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Responding Party is unaware of the total amount of medical, hospital and related expenses incurred as a result of the Incident but according to the billing records in Plaintiff's possession, the medical bills are approximately $34,717.33. Discovery and investigation are ongoing and Plaintiff reserves the right to amend this response upon proper written request.

**SPECIAL INTERROGATORY NO. 28:**

Please state with specificity the amount of loss of earnings YOU contend YOU suffered as a result the INCIDENT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Objection. Not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence because Plaintiff is not making a loss of earning claim at this time so this interrogatory is not applicable. Discovery and investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper written request.

///

14

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
42

1  **SPECIAL INTERROGATORY NO. 29:**

2      Please state with specificity the amount of loss of future earning capacity YOU contend

3  YOU suffered as a result the INCIDENT.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

5      Objection: The interrogatory calls for a professional opinion from a lay witness;

6  consequently, the question is oppressive and harassing and without a foundational showing of

7  competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Further Objection. Not relevant

8  to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible

9  evidence because Plaintiff is not making a loss of earning capacity at this time. Discovery and

10  investigation are ongoing, and Plaintiff reserves the right to amend this response upon proper

11  written request.

12  **SPECIAL INTERROGATORY NO. 30:**

13      Please describe where YOU were looking immediately prior to the INCIDENT.

14  **RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

15      Responding Party was looking towards the easter items on the bottom shelf looking for the

16  marshmallow easter peeps candy chicks on a stick. Discovery and investigation are ongoing, and

17  Plaintiff reserves the right to amend this response upon proper written request.

18  **SPECIAL INTERROGATORY NO. 31:**

19      Please state the date YOU last had a doctor's appointment before the INCIDENT.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

21      Objection. Not relevant to the subject matter of this lawsuit and not calculated to lead to

22  the discovery of admissible evidence. Further Objection.  Patient-litigant exception only extends

23  to information relating to the medical conditions in question and does not automatically open all

24  of a Responding Party's past medical history to scrutiny. *Britt v. Superior Court*, 20 Cal.3d 844,

25  849 (1978). Subject to and without waiving and subject to the foregoing objection, Plaintiff limits

26  her response to her last doctor's appointment for injuries related to same body parts injured during

27  the subject Incident and responds as follows:

28

15

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
43

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

1  None so not applicable. Discovery and investigation are ongoing, and Responding Party

2  reserves the right to amend this response upon proper written request.

3  **SPECIAL INTERROGATORY NO. 32:**

4  Please IDENTIFY all medical locations YOU sought treatment in the last ten (10) years

5  for the same areas of the body YOU allegedly injured in the INCIDENT.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

7  Objection. Not relevant to the subject matter of this lawsuit and not calculated to lead to

8  the discovery of admissible evidence. Further Objection.  Patient-litigant exception only extends

9  to information relating to the medical conditions in question and does not automatically open all

10  of a Responding Party's past medical history to scrutiny.  *Britt v. Superior Court*, 20 Cal.3d 844,

11  849 (1978). Subject to and without waiving and subject to the foregoing objection, Plaintiff

12  responds as follows:

13  None. Discovery and investigation are ongoing, and Responding Party reserves the right

14  to amend this response upon proper written request.

15  **SPECIAL INTERROGATORY NO. 33:**

16  Please IDENTIFY YOUR primary care physician at the time of the INCIDENT.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

18  Objection. Not relevant to the subject matter of this lawsuit and not calculated to lead to

19  the discovery of admissible evidence. Subject to and without waiving and subject to the foregoing

20  objection, Plaintiff  responds as follows:

21  Elizabeth Duenas, Kaiser Permanente, 25965 Normandie Ave., Harbor City, California

22  90710. Discovery and investigation are ongoing, and Responding Party reserves the right to amend

23  this response upon proper written request.

24  **SPECIAL INTERROGATORY NO. 34:**

25  Please state when YOU retained YOUR attorney for this matter.

26  ///

27  ///

28

16

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
44

**Ramey Law, P.C.**
200 Culver Blvd., Ste. 208
Playa Del Rey, California 90293

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

Objection. This interrogatory is irrelevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence and violates Plaintiff's constitutional right to privacy.

**SPECIAL INTERROGATORY NO. 35:**

Please state how YOU learned of YOUR attorney or obtained YOUR attorney's name for this matter.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**

Objection. This interrogatory is irrelevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence and violates Plaintiff's constitutional right to privacy.

DATED: August 31, 2022                          **RAMEY LAW, P.C.**



By:   _____
      John F. Ramey
      Christa Haggai Ramey
      Schyler S. Katz
      Attorneys for Plaintiff,
      JOSEPHINE Y. SALINAS

17

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE**

Exhibit 3
45

**VERIFICATION**

**STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE** and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___Aug 22, 2022___ at Wilmington, California.

Josephine Y. Salinas_____                    Josephine Y Salinas (Aug 22, 2022 13:40 PDT)
      Signatory                                                             Signature

**VERIFICATION**

Exhibit 3
46

## PROOF OF SERVICE

I, Giannie Ramirez certified and declares as follows:

I am over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is RAMEY LAW, P.C., 200 Culver Blvd., Ste. 208, Playa Del Rey, California 90293.

On August 31, 2022, I served the above document described as: **PLAINTIFF'S RESPONSES TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE;** on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

*Please see service list*

**BY E- MAIL ONLY**– I caused this document to be transmitted on the date hereinabove stated by e-mailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic.  Unless a no electronic message or other indication that the transmission was unsuccessful is received within a reasonable time after the transmission. We will provide a physical copy, upon request only.

I declare that I am employed in the office of an attorney admitted to the Bar, and that service was made at that attorney's direction.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 31, 2022 at Playa Del Rey, California.

*Giannie Ramirez*
Giannie Ramirez

1
**PROOF OF SERVICE**

Exhibit 3
47

**SERVICE LIST**

Los Angeles County Superior Court
Case No: 22STCV08675
*Josephine Y. Salinas v. Walmart Claims Services, Inc., et al*
(File No. 6334*)*

| | **Party's Attorney/Counsel Info.** | **Tel/Fax** | **Party Name/ Role** |
|---|---|---|---|
| **1.** | Andrew O. Smith, Esq. Carey J. Ramin, Esq. PETTIT KOHN INGRASSIA LUTZ & DOLIN, PC 11622 El Camino Real, Suite 300 | Phone: (858) 755-8500 Facsimile: (858) 755-8504 Email: asmith@pettitkohn.com cramin@pettitkohn.com  lremsnyder@pettitkohn.com | Attorneys for Defendant, WALMART, INC. |

*(left margin, vertical)* **Ramey Law, P.C.** 200 Culver Blvd., Ste. 208 Playa Del Rey, California 90293

2

**PROOF OF SERVICE**

Exhibit 3
48



BA20220371142



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20220371142 |
| Date Filed: 6/14/2022 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | WALMART INC. |
| Entity No. | 1634374 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | None |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| ▪ DOUG C MCMILLON | 702 SW 8TH STREET<br>BENTONVILLE, AR 72716 | Chief Executive Officer |
| ▪ Sarah Little | 702 SW 8TH STREET<br>Bentonville, AR 72716 | Secretary |
| ▪ Matthew Allen | 702 SW 8TH STREET<br>Bentonville, AR 72716 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | Retail Sales |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

B0826-6043  06/14/2022  2:27 PM Received by California Secretary of State

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Kelly Lettmann*
Signature

*06/15/2022*
Date

B0826-6044 06/14/2022 2:27 PM Received by California Secretary of State

Exhibit 4
50